### WADE et al. v. CLOWER.

(District Court, S. D. Florida. March 6, 1924.)

No. 195.

1. **Partnership ⊜⟶342—In suit by surviving partners, leave to take testimony after confirmation of master's report denied.**

   In a suit by surviving partners, leave to complainants to prove additional payments made by them will not be granted, on application made two years after the cause had been referred to a master for an accounting, and nearly a year after his report had been confirmed, subject to such exceptions thereto as were sustained, and when the case was ready for final decree.

2. **Partnership ⊜⟶344—Decree settling partnership outlined.**

   Decree outlined in suit by surviving partners for settlement of partnership estate.

In Equity. Suit by Neill G. Wade and others against Eugene Clower, as administrator of the estate of M. D. Clower, deceased. On application by complainants to take additional testimony and for settlement of decree. Application to take testimony denied.

H. L. Anderson, of Jacksonville, Fla., for plaintiffs.

W. W. Hampton, of Gainesville, Fla., and F. P. Fleming, of Jacksonville, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing before the court, to enter a final decree herein, and for leave by the complain-

ants to prove additional payments by the surviving partners, overlooked and omitted from the masters' reports, and the objections to such proofs by the defendant. In passing upon this last mentioned motion and the objections thereto, it is proper to consider the history of the litigation.

[1] The bill of complaint was filed January 17, 1921. Answer thereto was filed September 30, 1921. The order appointing the first master to take testimony and state the account was filed January 23, 1922. Voluminous testimony was taken on the statement of account, and the master made his report October 12, 1922. Exceptions to this report were filed by each of the parties, and these exceptions passed upon by the court March 17, 1923. April 5, 1923, the matter was re-referred to another master, to state the debt to a creditor and to take testimony and report reasonable attorney's fees in these suits prior to this one. This last master made his report, after quite a large amount of testimony, October 1, 1923. Again exceptions were filed, which were passed upon by the court November 3, 1923. This motion was presented early in January of this year and was then submitted.

Under these circumstances it seems to me that it would be an abuse of judicial discretion, after the lapse of time since the filing of the bill of complaint, and after the reference to the master, and at the time of settling the final decree on the masters' reports, to allow at this late day the surviving partners to come in and charge the partnership estate with additional items. As I understand the law, it is and was the duty of the surviving partners to make before the masters a full, true, and correct accounting of the partnership affairs and the acts and doings of survivors. This they were required to do, and should have done. Certainly there was ample time between the appointment and making the report for them to have done so. Under the rules of this court that report stands confirmed in all particulars, except those to which exceptions were sustained by the order made March 17, 1923. It seems to me that it is now too late for the surviving partners to claim that these items were only recently discovered. As trustees, their books should have shown the items of expended amounts of the trust fund, as it was their duty to have kept them. The objections to the allowance of same will therefore be sustained.

[2] Each of the parties have submitted a form of decree, but in my judgment neither form should be signed by the court, and I therefore outline the proper decree to be prepared and presented for my signature. The decree should find: First, the cash coming to the hands of the surviving partners at $173,706.44, plus such amount as may have been received by them in cash for the property sold and interest collected since the making of the master's report of October 12, 1922, and from this amount ascertain the distributive share of each partner. Second, the liabilities and disbursements, aggregating $142,608.27. Third, the withdrawals of each of the partners: N. G. Wade, Sr., $47,787.86; N. G. Wade, Jr., $57,353.86; estate of M. D. Clower, $53,620.52. Fourth, find the amount due each partner from the partnership estate, by subtracting the amount of withdrawals from his distributive share to be received after the liquidation of the outstanding liabilities and

the expenditures of the surviving partners allowed. Fifth, provide the sale of all partnership property now remaining in the hands of surviving partners not susceptible of division in specie, and the ratable division of sums received from such sale. Sixth, the delivery to the defendant of one-third of all such partnership property capable of division in specie. Seventh, provide for the charging of the distributive share of M..D. Clower estate of the attorney's fees, $6,000, reported by the special master on October 11, 1923, and allowed. Eighth, provide that the distributive share of each partner shall be charged with one-third of the costs of this case, including the fees of the special masters heretofore appointed herein—M. H. Long being allowed $500 for his services, and Perce L. Gaskins being allowed the sum of $60, together with fees of stenographer in taking testimony before him, also $140 allowed Mucklow & Ford, auditors. Ninth, provide for the payment to the defendant of the distributive share of M. D. Clower after the deductions above provided for, and the discharge of the surviving partners from further liability to the estate of the deceased partner, upon compliance with the decree.

I notice in the form of decree tendered by defendant there is a provision to deduct $2,000 paid to H. L. Anderson and R. E. Davis, attorneys. I do not understand that this amount has been allowed to the surviving partners in the administration of the partnership estate in the report of the master. I find, also, the mention of $1,224.87, one-third of amount paid to Eugene Clower in settlement of an action at law, not included in the master's report. This item, if proper, may be allowed.

In the decree submitted by the complainants, a provision for the defendant and the heirs at law of M. D. Clower to join in a conveyance of the real estate sold by the surviving partners is incorporated. This I do not think is proper in a decree settling the partnership. The surviving partners have the power to sell, convey, and vest the title of all real estate, a part of the partnership assests, in the purchaser to the same extent as the personal property. My attention is called to the falct that in the detainer case, appealed to the circuit court, a reversal of the lower court was had. In my judgment this does not affect the responsibility of the share of the deceased partner for attorney's fees incurred therein by the surviving partners.